**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HENRY MELTON, | No. 16-15140 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01791-JAD-NJK |
| v. | |
| D. W. NEVEN and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted September 1, 2017
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

This is a habeas case on review here pursuant to 28 U.S.C. § 2253. Paul

Henry Melton attempted to steal tools valued at $809.94 from a Las Vegas K-Mart

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

store.  He entered a plea of guilty to one count of grand larceny of property valued at $2,500 or more, a Category B felony, and, when the state trial court took into account Melton's history of recidivism, he was sentenced to a term of imprisonment of 10 years to life.[1]  His sentence was affirmed by the Nevada Supreme Court and his state post-conviction relief challenges were denied.  The district court in considering this habeas action also denied relief.

On appeal, Melton contests the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on two grounds:  the gross disproportionality of his sentence and ineffective assistance of counsel.  We review the district court's order de novo.  *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011).  We grant habeas relief if the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1) (Anti-Terrorism and Effective Death Penalty Act of 1996, or "AEDPA").

By accepting the State's plea deal, Melton admitted that he did "willfully,

---

[1]    At the time he entered into his plea agreement, Melton had been charged with attempted grand larceny and burglary.  Had he been convicted of both of these crimes, his sentences would have run concurrently and he would not have been eligible for parole.  His plea of guilty to the charge of grand larceny did not foreclose the opportunity for parole.  The State-offered plea deal presented Melton with the possibility of a slight advantage in that had he been convicted of burglary, he would not have been eligible for probation because of his prior burglary conviction.

unlawfully, and feloniously steal, take, carry, lead, or drive away property owned by K-Mart, having a value of $2,500 or more, to wit, tools." In truth of fact, however, Melton did not complete the crime of grand larceny because the tools at issue never left the K-Mart store and they were valued at far less than $2,500. As a Category B felony, the crime of grand larceny carries a minimum term of not less than 1 year and a maximum term of not more than 10 years imprisonment; however, the State filed habitual criminal charges against Melton based on his eight prior felony convictions. Taking into account both his underlying felony offense and history of recidivism, the state court imposed a sentence of life in prison with a minimum 10 years before parole eligibility.

The Eighth Amendment, which forbids cruel and unusual punishment, bars "extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003). Although Melton's sentence is severe, the Supreme Court has held under indistinguishable circumstances that a life sentence with the possibility of parole is not a grossly disproportionate punishment for a property-related felony committed by a habitual offender. *See Rummel v. Estelle*, 445 U.S. 263, 272, 276 (1980) (life sentence with the possibility of parole for third non-violent property-related felony did not violate the Eighth Amendment's prohibition of cruel and unusual punishment). Melton's ten-years-to-life sentence, triggered by the property-related felony and his habitual criminal status, does not

16-15140

violate the Eighth Amendment as a grossly disproportionate penalty. Therefore, the Nevada Supreme Court's rejection of Melton's claim that his sentence violated the Eighth Amendment was not contrary to or an unreasonable application of Supreme Court precedent.

Because the Nevada Supreme Court expressly relied on *Strickland v. Washington*, 466 U.S. 668 (1984) in affirming the trial court's denial of Melton's *Strickland* claim, we reject Melton's argument that AEDPA does not apply because the Nevada Supreme Court failed to apply *Strickland* independently. We also reject Melton's arguments that the state court erred in failing to hold an evidentiary hearing or to allow discovery on this ineffective assistance of counsel claim, because the state court did not make an objectively unreasonable determination of facts. *See* 28 U.S.C. § 2254(d)(2). Melton contends that his counsel provided ineffective assistance by failing to investigate the claims against him (specifically by failing to interview the K-Mart security guard and by failing to hire an expert to review the store's security videotape footage of the attempted theft) and failing to advise him of the consequences of his guilty plea.[2] To prevail on a claim of ineffective assistance of counsel, the totality of the circumstances

---

[2] On appeal, Melton makes a passing argument that his counsel had a conflict of interest and failed to sufficiently communicate with him. An undeveloped argument of this sort is waived. *United States v. Alonso*, 48 F.3d 1536, 1544-45 (9th Cir. 1995).

must demonstrate that Melton's "counsel's representation fell below an objective standard of reasonableness" *and* that a reasonable probability exists that his "counsel's errors were so serious as to deprive [Melton] of a fair trial, a trial whose result is reliable," such that confidence in the outcome is undermined. *Strickland*, 466 U.S. at 687-688, 694; *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel).

On the record before us, it is clear that Melton's public defender performed a reasonable investigation of the charges against Melton, to wit, counsel had a full opportunity to hear the testimony of the K-Mart security guard at the preliminary hearing and he relied on the store's security videotape footage to successfully obtain a reduction of the charges against Melton. Furthermore, Melton understood the consequences of his guilty plea as evidenced by his affirmations throughout the state court's plea colloquy, which included an ample and correct explanation of the applicability and effect of the habitual offender statute. For these reasons, the district court correctly determined that the Nevada Supreme Court's rejection of Melton's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

16-15140